**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALFRED DEAL (#96506)** **CIVIL ACTION**

**VERSUS** **NO. 25-277-JWD-EWD**

**DEPT. OF CORRECTIONS, ET AL.**

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 29, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALFRED DEAL (#96506)** **CIVIL ACTION**

**VERSUS** **NO. 25-277-JWD-EWD**

**DEPT. OF CORRECTIONS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Amended Complaint of Alfred Deal ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening allowed under 28 U.S.C. § 1915(e), and required by 28 U.S.C. § 1915A, it is recommended that Plaintiff's claims be dismissed for failure to state a claim, as they are untimely.

### I. BACKGROUND

Plaintiff originally filed this suit on March 27, 2025, seeking money damages against the Department of Corrections ("LDOC"), Darrel Vannoy ("Vannoy"), Captain Keenan Letcher ("Letcher"), and Liondell Minor ("Minor"). Plaintiff alleged that Letcher used excessive force against him. Plaintiff's only allegation against Minor was as follows, "Lt. Minor have went and talk to the other the guy." There were no allegations regarding the LDOC or Vannoy in the original Complaint. Plaintiff originally requested compensatory, nominal, and punitive damages.[2]

---

[1] R. Doc. 7. Documents filed into the record are referred to as "R. Doc. __."

[2] R. Doc. 1, p. 5.

Because Plaintiff did not provide enough details to analyze his claims, the Court ordered him to file an amended complaint. The Order attached questions for Plaintiff to answer about his excessive force claim.[3] Plaintiff timely filed an Amended Complaint.[4]

## II. LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Plaintiff has sued government officials and prison employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[6] This means the court must accept all well-pleaded facts as true and view

---

[3] R. Doc. 6. The Order also explained that Plaintiff could not maintain a claim for a civil rights violation against LDOC because only persons can be sued for civil rights violations under 42 U.S.C. § 1983 and LDOC is not a "person" with in the meaning of the statute. R. Doc. 6, p. 1, n.3. Plaintiff appears to have removed his claims against LDOC from the Amended Complaint. R. Doc. 7.

[4] R. Doc. 7.

[5] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to file suit without prepaying the filing fee ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of whether the plaintiff is IFP. Plaintiff was granted IFP status on June 3, 2025, so both statutes apply. R. Doc. 5.

[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

them in the light most favorable to the plaintiff.[7] To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] To survive dismissal, a complaint must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claims.[10]

Whether a claim is untimely filed can be decided under Federal Rule of Civil Procedure 12(b)(6).[11] A district court may dismiss a complaint as frivolous on its own motion when "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations."[12]

**B. Plaintiff's Claims are Untimely**

"A district court may raise the defense of limitations *sua sponte* in an action under [Section] 1915."[13] "[D]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted [by the prisoner] are barred by the applicable statute of limitations."[14] "There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts

---

[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*

[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).

[11] *Mann v. Adams Realty Co., Inc*., 556 F.2d. 288, 293 (5th Cir. 1977), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357.

[12] *Aguilar v. Abbott*, 172 F.3d 868 (5th Cir. 1999), citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994).

[13] *Davis v. Young*, 624 Fed.Appx. 203, 207 (5th Cir. 2015).

[14] *Id., citing Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).

borrow the limitations period of the forum state.[15] Civil rights suits brought under § 1983 for torts arising before July 1, 2024, are subject to the Louisiana limitations period of one year that applies to such claims.[16] State law also controls whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[17] Though the Louisiana prescriptive period of one year applies to Plaintiff's civil rights claims, federal law controls when his claims accrued, *i.e.*, when the limitations period starts.[18] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[19] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[20]

However, because Plaintiff was required to exhaust administrative remedies by filing a grievance (an "ARP") through the administrative remedy process before filing suit, the Court must consider the time for the grievance process in evaluating whether Plaintiff's claims are timely. The limitations period is suspended while an ARP is pending because the requirement that an inmate

---

[15] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris*, 198 F.3d at 156 ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").

[16] Louisiana Civil Code art. 3492; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims). Effective July 1, 2024 the prescriptive period for tort claims in Louisiana is extended to two years and Louisiana Civil Code art. 3492 was repealed. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (WEST). The Act is clear that "[t]he provisions of this Act shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act." Because Plaintiff's claims in this case arose before July 1, 2024, the one-year prescriptive period applies.

[17] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

[18] *Harris*, 198 F.3d at 157.

[19] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).

[20] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

exhaust administrative remedies before filing creates a statutory barrier to filing suit.[21] The limitations period begins to run again when the final agency decision is delivered or when the inmate is allowed to unilaterally proceed to file suit, *i.e.,* when the grievance process is completed or the time to complete the process has expired.[22] The administrative rules provide that "[n]o more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process."[23] Further, regarding the first step in the grievance process, prison officials must provide a written response (the "First Step Response") within 40 days unless there is an extension requested or the grievance is placed on administrative backlog (because of other pending grievances).[24]

Plaintiff complains about an incident of excessive force that occurred on or before June 13, 2023. Considering the facts most favorably to Plaintiff, the latest the incident could have occurred is June 13, 2023.[25] Plaintiff then had ninety (90) days to file an ARP.[26] Though Plaintiff could have waited up to the full 90 days to file his ARP, all the time that passed before he filed the ARP would also count toward the limitations period. Therefore, the limitations period can be paused for

---

[21] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).

[22] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered."); *Shank v. LeBlanc*, No. 23-108, 2024 WL 5337650, *4 (M.D. La. Oct. 23, 2024) (considering the intent of the law, rather than the plain language, prescriptive period began to run when plaintiff could have unilaterally proceeded to the courts).

[23] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

[24] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a); *Green v. Cain*, No. 19-506, 2020 WL 7327370, at *3 (M.D. La. July 10, 2020). Plaintiff does not indicate that his ARP related to the claims in this case was backlogged or that any extension of the grievance process was granted. If so, Plaintiff should make those facts clear in any objection filed to this Report and Recommendation.

[25] R. Doc. 7, p. 5. Though Plaintiff does not state when the chemical exposure occurred, he notes that he made a medical complaint regarding the chemical exposure on June 13, 2023, so the incident must have occurred on or before this date.

[26] 22 La. Admin. Code Pt. I, § 325 (G)(1).

at most ninety (90) days total, regardless of when the grievance was filed.[27] After that time, the prescriptive period began to run.

Again, considering the facts most favorably to Plaintiff, assuming the alleged excessive force incident occurred on June 13, 2023 and Plaintiff filed the ARP the next day, Plaintiff could have filed suit in this Court on September 12, 2023 (90 days later). The one-year limitations period would have started the next day. Plaintiff then had a year, until September 13, 2024, to timely file suit based on the incident of excessive force. However, Plaintiff did not file this lawsuit until over six (6) months later, on March 27, 2025,[28] making his excessive force claim untimely.

Plaintiff also appears to assert claims of deliberate indifference to a serious medical need, but he admits his medical complaints were thoroughly addressed by August 25, 2023.[29] Accordingly, any deliberate indifference that may have existed stopped at the latest by that date. Giving Plaintiff the benefit of the doubt, again, and presuming he filed an ARP the next day, on August 26, 2023, he could have unilaterally proceeded to file suit in this Court regarding the deliberate medical indifference claims by November 24 2023, so prescription began to run the next day. Accordingly, Plaintiff had to file suit regarding the deliberate medical indifference claim by November 25, 2024.[30] However, Plaintiff did not file this suit until nearly four months later.

---

[27] *Alombro v. Tarver*, No. 15-548, 2017 WL 2350242, at *2 (M.D. La. May 5, 2017) (the filing of an administrative grievance only suspends the running of the prescriptive period, so the "Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings"); *see also Bailey v. LeBlanc*, No. 14-271, 2015 WL 5072036, at *3 (M.D. La. July 6, 2015).

[28] R. Doc. 1.

[29] R. Doc. 7, p. 5 ("On 8/25/2023, finally my complaint was thoroughly address [sic] by EMT Sgt. Boot who ordered me eye wash for the blur [sic] vision, skin cream to combat my still burning skin on my neck and arms, throat lozenges and Pepto Bismol.")

[30] Plaintiff's deadline for filing suit as to the deliberate medical indifference claim fell on November 24, 2024, a Sunday, so he had until the following day, which was not a legal holiday to bring suit. Fed. R. Civ. Proc. 6(a)(1) provides in pertinent part "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Therefore, Plaintiff's claims regarding any potential deliberate medical indifference are also prescribed.

### C. Further Leave to Amend Should Be Denied

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[31] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[32] Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[33] Because Plaintiff's claims are untimely, any amendment relating to the facts underlying Plaintiff's claims would be futile, so leave to amend, if sought, should not be granted.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as Plaintiff's claims in this case were not timely filed.[34]

Signed in Baton Rouge, Louisiana, on June 29, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[32] *Id.*

[33] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

[34] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.